UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MCKINNEY SQUARE PROPERTIES NO. 1 LTD., | § § § | |
| *Plaintiff*, | § § | |
| V. | § § | CIVIL ACTION NO. 3:16-cv-00956 |
| SENECA INSURANCE COMPANY, INC.; LEVELFIRST, LLC; WALDMAN BROS. L.L.P., | § § § § § | |
| *Defendants*. | § § | |

**DEFENDANT SENECA INSURANCE COMPANY, INC.'S**
**NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. §§1441 and 1446, Defendant Seneca Insurance Company, Inc. ("Seneca") files this Notice of Removal on the basis of diversity of citizenship and jurisdictional amount, and respectfully shows the Court the following:

**I.**
**FACTUAL BACKGROUND**

1.      This civil action arises out of Plaintiff's insurance claim for property damage under a Commercial Property Policy with Seneca. The property at issue is located at 4501 Westway Ave., Dallas, Texas 75205.

2.      Seneca is a Defendant in Cause No. DC-16-02198, filed in the 116th Judicial District Court of Dallas County, Texas, styled *McKinney Square Properties No. 1, LTD. v. Seneca Insurance Company, Inc.; LevelFirst, LLC; Waldman Bros, L.L.P.* Plaintiff commenced this civil action against Seneca in state court on or about February 25, 2016. Seneca first received notice of

Plaintiff's Original Petition (the "Petition") on March 7, 2016. Seneca has not yet received service of Plaintiff's Original Petition.

## II.
## BASIS FOR REMOVAL

3. Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a) and 1446.

**A.    There is Complete Diversity of Citizenship.**

4. In its Original Petition, Plaintiff McKinney Square Properties No. 1, LTD. ("McKinney Square) acknowledges it is a Texas limited company. (Pl.'s Orig. Pet. at ¶ 1). Upon information and belief, the members of McKinney Square are citizens of the State of Texas.[1]

5. Both at the time the lawsuit was originally filed, and at the time of removal, Defendant Seneca is a corporation incorporated and existing under the laws of the State of New York, keeping its principal place of business in New York.

6. Upon information and belief, Defendants LevelFirst, LLC ("LevelFirst") and Waldman Bros., LLP ("Waldman") are citizens of the State of Texas; however, they have been improperly joined.

7. The Fifth Circuit has explained that a party may establish improper joinder when it shows (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a state-law claim against the non-diverse defendant. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004); *Griggs v. State Farm Lloyd's*, 181 F.3d 694, 699 (5th Cir. 1999). Here, Seneca would show that "there is no reasonable basis for the district court to predict that the [plaintiff] might be able to recover against [the] in-state defendant[s], individually," which is the test adopted by the Fifth Circuit in *Smallwood*. 385 F.3d at 573. The

---

[1] If McKinney Square's citizenship is contested, Seneca requests that the Court allow limited jurisdictional discovery for purposes of confirming the citizenship of McKinney Square.

Court may conduct the *Smallwood* test using a Rule 12(b)(6) analysis of the Petition to determine whether Plaintiff states a claim, or the Court may use a summary inquiry to identify discrete and undisputed facts that would preclude recovery. *See id.* The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and shows an improper joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.,* 158 F.R.D. 107, 109 (S.D. Tex. 1994). Under this analysis, pleadings must show more than a "mere theoretical possibility of recovery." *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003). Additionally, a court may "pierce the pleadings to determine whether, under controlling state law, the removing party has a valid claim against the non-diverse parties." *Hornbuckle v. State Farm Lloyd's*, 385 F.3d 538, 542 (5th Cir. 2004) (quoting *LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir. 1992)).

8. LevelFirst and Waldman have been improperly joined because there is no reasonable basis for the court to predict that Plaintiff may recover against LevelFirst and Waldman based on the allegations in Plaintiff's Original Petition. This civil action arises out of Seneca's denial of Plaintiff's insurance claim for property damage under a Commercial Property Policy. In Plaintiff's Original Petition, Plaintiff alleges that Seneca failed to timely or properly adjust the claim and failed to fully honor the claim as required. (Pl.'s Orig. Pet. at ¶ 1.).

9. In the alternative, Plaintiff alleges that LevelFirst and Waldman, its broker and agent, respectively, negligently failed to procure the coverage desired by Plaintiff. This naked allegation against LevelFirst and Waldman does not, by itself, constitute a valid claim and does not show even a mere theoretical possibility of recovery against these two Defendants.

10. Under Texas law, an insurance agent cannot be found negligent for failing to obtain insurance coverage, unless the insured requested that specific type of coverage. *Glenn v. L. Ray Calhoun & Co.*, 83 F. Supp. 3d 733, 750 (W.D. Tex. 2015). In Plaintiff's Original

Petition, Plaintiff does not assert what specific type of insurance was requested from either LevelFirst or Waldman which these parties then failed to procure. Rather, Plaintiff asserts only that its insurance claim under its Commercial Property Policy with Seneca was denied. Nevertheless, Plaintiff's insurance claim being denied by Seneca provides no factual or legal basis for Plaintiff's cause of action against LevelFirst or Waldman for negligently failing to provide insurance requested by Plaintiff. Plaintiff does not make any other assertion that would support the viability of this cause of action, nor does Plaintiff assert any other valid cause of action against LevelFirst or Waldman. As such, the allegations in Plaintiff's petition do not support even a possibility of recovery against LevelFirst or Waldman.

11. Since the allegations in Plaintiff's Original Petition do not support a viable state-law claim against LevelFirst or Waldman, these two defendants have been improperly joined to the action and their citizenship should be disregarded for the purposes of establishing diversity jurisdiction.

**B.     The Amount in Controversy Exceeds Jurisdictional Requirements.**

12. This is a civil action in which the amount in controversy exceeds the jurisdictional limits of $75,000.00. In determining the amount in controversy, the Court may consider, "penalties, statutory damages, and punitive damages." *St Paul Reinsurance Co, Ltd v Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v State Farm Lloyds*, 1999 WL 151667, at *2 - 3 (N.D. Tex. 1999)(finding sufficient amount in controversy in plaintiff's case against the insurer for breach of contract, bad faith, violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act and mental anguish). Plaintiff alleges that Seneca is liable for negligence and seeks actual, punitive, exemplary, and statutory damages over $250,000. (Pl.'s Orig. Pet. at ¶ 16). Thus, the amount in controversy clearly exceeds $75,000.

13. Accordingly, by virtue of diversity of citizenship, the United States District Courts have jurisdiction.

**C.     Removal is Procedurally Correct.**

14. Plaintiff commenced this civil action against Seneca in state court on or about February 25, 2016. Seneca first received notice of Plaintiff's Original Petition (the "Petition") on March 7, 2016. Seneca is filing this Notice within the 30 day time period required by 28 U.S.C. §1446(b) and within a year of the date suit was first filed in state court.

15. Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

16. Pursuant to 28 U.S.C.§1446(a), attached hereto is the Index of Matters Being Filed that clearly identifies each document and indicates the date the document was filed in state court. Attached is a copy of the docket sheet, and all documents filed in the state court action as identified on the Index of State Court Documents.

17. Pursuant to 28 U.S.C. §1446(d), promptly after Seneca files this Notice, written notice of the filing will be given to Plaintiff.

18. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be promptly filed with the Clerk of the Dallas County District Court after Seneca files this Notice.

19. Consent of an improperly joined defendant is not necessary for removal. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

## III.
## CONCLUSION

Based upon the foregoing, and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant Seneca hereby removes this case to this Court for trial and determination.

                              Respectfully submitted,

                              THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: */s/James N. Isbell*
   James N. Isbell
   Attorney-in-Charge
   Bar No.  10431900
   jisbell@thompsoncoe.com
   Christopher H. Avery
   Bar No. 24069321
   cavery@thompsoncoe.com
   Vasilia M. Wilkes
   Bar No. 24051452
   vwilkes@thompsoncoe.com
   One Riverway, Suite 1400
   Houston, Texas 77056
   Telephone:  (713) 403-8210
   Facsimile:  (713) 403-8299

Local Counsel:

Lindsey Shine Lawrence
State Bar No. 24053681
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:  (214) 871-8200
Facsimile:  (214) 871-8209
Email:  llawrence@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT SENECA INSURANCE COMPANY, INC.**

2395653v1
01446.178

# **CERTIFICATE OF SERVICE**

    I hereby certify that on April 6, 2016, a true and correct copy of the foregoing instrument was served pursuant to the Federal Rules of Civil Procedure on the following counsel and parties of record:

    Evan Lane (Van) Shaw
    Janet R. Randle
    Collen Meyer
    David Welch
    LAW OFFICES OF VAN SHAW
    2723 Fairmont
    Dallas, Texas 75201
    Telephone: (214) 754-7110
    Facsimile: (214) 754-7115
    van@shawlaw.net
    janet@shawlaw.net
    colleen@shawlaw.net
    david@shawlaw.net

**COUNSEL FOR PLAINTIFF MCKINNEY SQUARE PROPERTIES NO. 1 LTD.**

    Richard E. Schellhammer
    Cara D. Kennemer
    UNDERWOOD LAW
    1008 Macon Street, Suite 101
    Fort Worth, Texas 76102
    Telephone: (817) 885-7529
    Fax: (817) 977-5902

**COUNSEL FOR DEFENDANT LEVELFIRST, LLC**

    Waldman Bros., LLP.
    6200 LBJ Freeway, Suite 200
    Dallas, Texas 75240
    Telephone: (972) 458-8700
    Fax:    (972) 458-8755

*Via Certified Mail, Return Receipt Requested*

                             /s/ James N. Isbell
                              James N. Isbell