UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MCKINNEY SQUARE PROPERTIES NO. 1 LTD, <br><br> Plaintiff, <br><br> v. <br><br> SENECA INSURANCE COMPANY, INC., <br><br> Defendant. | § § § § § § § § § § § Civil Action No. 3:16-cv-00956-M |

## MEMORANDUM OPINION AND ORDER

Before the Court is a "12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint" [Docket Entry #10], filed by Defendant Seneca Insurance Company, Inc. For the following reasons, the Motion is GRANTED in part, and DENIED in part.

### Background

This is an insurance dispute arising from Defendant's handling of Plaintiff's claim for property damage. In its First Amended Complaint, which is the live pleading in this action, Plaintiff alleges that Defendant insured a commercial apartment complex owned by Plaintiff in Dallas, Texas (the "Property"), for the period of August 23, 2014 to August 23, 2015. Pl. First Am. Compl. [ECF #8] at ¶¶6-7. Plaintiff alleges that the roof of the Property was damaged by hail that occurred during a storm on or about June 9, 2015. *See id.* at ¶12. Plaintiff further alleges that it filed an insurance claim under the policy issued by Defendant, as soon as it became aware of the damage to the roof by virtue of a leak that occurred in the ceiling of an upper floor apartment. *Id.* at ¶13. Ultimately, Defendant denied Plaintiff's claim. *See id.* at ¶¶ 21, 27-28.

1

Plaintiff alleges that Defendant failed to properly investigate, handle, and pay Plaintiff's claims under the policy. In particular, Plaintiff alleges that Defendant refused to provide Plaintiff's representatives with key information pertaining to Plaintiff's claim, including the names of the individuals who inspected the Property and a copy of the engineering report conducted on Defendant's behalf that provided the basis for Defendant's denial of the claim. *Id.* at ¶¶19-20, 23. Plaintiff also alleges that Defendant's agents negligently damaged roof tiles during the inspection of the Property, and failed to advise Plaintiff of the damage. *Id.* at ¶25.

Plaintiff initially filed this action in the 116th District Court of Dallas County, Texas, asserting only a negligence claim. Defendant timely removed the case to federal court on the basis of diversity jurisdiction. *See* Rem. Not. [ECF #1] at ¶3. Plaintiff then filed its First Amended Complaint asserting claims against Defendant for breach of contract, breach of warranty, breach of the covenant of good faith and fair dealing, negligence, negligent misrepresentation, and fraud, as well as for violations of the DTPA and the Texas Insurance Code. *See id.* at ¶¶ 31-45, 50. Defendant now moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's claims for negligence and negligent misrepresentation.[1] The Motion has been fully briefed, and is ripe for determination.

**Legal Standards**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must have pled "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court accepts all well-pleaded facts as true and views them in the light most favorable to the plaintiff.

---

[1] Defendant timely filed an answer with respect to the remaining claims asserted in Plaintiff's First Amended Complaint.

*Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). The Court will not, however "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010).

A "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Howe v. Yellowbook, USA*, 840 F. Supp. 2d 970, 975 (N.D. Tex. 2011) (Lynn, J.) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Lone Star Nat. Bank, N.A. v. Heartland Payment Sys., Inc.*, 729 F.3d 421, 423 (5th Cir. 2013) (quoting *Highland Capital Mgmt., L.P. v. Bank of Am., Nat'l Ass'n*, 698 F.3d 202, 205 (5th Cir. 2012)). "Plausible" does not mean "probable," but it asks for "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Claims sounding in fraud must also satisfy the heightened pleading standard set out in Federal Rule of Civil Procedure 9(b), which requires a party "alleging fraud or mistake . . . [to] state with particularity the circumstances constituting fraud or mistake." *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009) (internal citation omitted). The Fifth Circuit has applied the heightened pleading requirement of Rule 9(b) to both fraud and negligent misrepresentation claims, when the claims are based on the same alleged facts. *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003). The Fifth Circuit has interpreted Rule 9(b) to require, at a minimum, that a plaintiff set forth the "who, what, when, where, and how" of the alleged fraud. *United States ex rel. Thompson v. Columbia/HCA*

Case 3:16-cv-00956-M   Document 24   Filed 03/13/17   Page 4 of 6   PageID 398

*Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir.1997) (internal citation and quotation marks omitted). However, the Fifth Circuit has also stated that the "time, place, contents, and identity standard is not a straitjacket for Rule 9(b)," concluding that Rule 9(b) is context-specific and flexible. *Grubbs*, 565 F.3d at 185.

## Analysis

Defendant first argues that Plaintiff's First Amended Complaint fails to state a claim for negligence because Texas law does not recognize a cause of action against an insurance company for negligent claims handling. *See* Def. Mot. at 3. Defendant's argument is correct as a matter of law. *See Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997). The Fifth Circuit has succinctly summarized Texas law on this issue:

> Although the law has imposed a duty on the insurer to act in good faith and deal fairly with the insured, there is no duty beyond the contract itself. In order for a tort duty to arise out of a contractual duty, i.e. negligent failure to perform a contract, the liability must arise "independent of the fact that a contract exists between the parties." If a defendant's conduct is actionable only because it breaches the parties' agreement . . ., the claim is solely contractual in nature. In fact, in absence of the duty to act in good faith and deal fairly the only other duty imposed on an insurance company, under Texas law, is the duty to exercise ordinary care and prudence in considering an offer of settlement within the policy limits. In essence, Texas law does not recognize a cause of action for negligent claims handling.

*Id.* (internal citations omitted). Plaintiff argues, however, that its negligence claim does not arise out of Defendant's adjustment or acceptance of its insurance claim. Plaintiff contends that its negligence claim is independent of the insurance contract, and instead arises out of the failure of one of Defendant's agents to use ordinary care when the agent was inspecting the roof of the Property. Specifically, the First Amended Complaint alleges that "during its investigation of Plaintiff's tile roof, SENECA and or their inspectors, agents, [and] engineers, damaged tiles to

4

Plaintiff's roof and failed to disclose said damage." Pl. First Am. Compl. at ¶25. The First Amended Complaint further alleges that Defendant's negligence resulted in property damages and economic damages that are beyond the contractual damages recoverable under the insurance policy at issue. *Id.* at ¶28. The nature of Plaintiff's alleged damages is significant to determining whether its claim sounds in contract or tort. Under Texas law, "[w]hen the only loss or damage is to the subject matter of the contract, the plaintiff's action is ordinarily on the contract." *United Services Auto. Ass'n v. Pennington*, 810 S.W.2d 777, 783 (Tex. App. 1991). Defendant does not dispute that Plaintiff's allegation that Defendant's agent negligently damaged tiles on Plaintiff's roof is independent of the insurance contract and sounds in tort. The Court determines that Plaintiff's First Amended Complaint alleges sufficient facts to state a claim for negligence with respect to its allegations regarding Defendant's agent's conduct of the inspection, and the alleged damage caused to Plaintiff's roof tiles. The Court therefore DENIES Defendant's Motion with respect to Plaintiff's negligence claim for alleged damage to its roof tiles.

      The Court comes to the opposite conclusion with respect to Plaintiff's claim for negligent misrepresentation. Rule 9(b)'s heightened pleading standard applies to fraud and negligent misrepresentation claims where, as here, those claims are based on the same alleged facts. *Benchmark Elecs.*, 343 F.3d at 724. Indeed, Plaintiff expressly concedes that Rule 9(b) applies to its negligent misrepresentation claim. Pl. Resp. [ECF #13] at ¶25. Plaintiff does not dispute that the First Amended Complaint fails to identify any specific statements made by Defendant or one of its agents, or explain how the allegedly false statements were negligently made. Plaintiff also does not dispute that its First Amended Complaint fails to identify any specific agent who made an alleged misrepresentation. Plaintiff only generally alleges that Defendant misrepresented the existence of coverage under the insurance policy at issue. Pl. Compl. at ¶19.e. This allegation is

not sufficient to satisfy the time, place, contents, and identity standard of Rule 9(b). Accordingly, Defendant's Motion is GRANTED with respect to Plaintiff's claim for negligent misrepresentation.

### Conclusion

For the reasons stated, Defendant's 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint is GRANTED in part, and DENIED in part. The Motion is GRANTED with respect to Plaintiff's claim for negligent misrepresentation, and that claim is DISMISSED without prejudice. Plaintiff may file a second amended complaint within fourteen days of this Memorandum Opinion and Order adding additional facts in support of its negligent misrepresentation claim, if it can.

In all other respects, the Motion is DENIED.

**SO ORDERED**.

March 13, 2017.

_____
BARBARA M. G. LYNN
CHIEF JUDGE