**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**DALLAS DIVISION**

| | | |
|---|---|---|
| MCKINNEY SQUARE PROPERTIES NO. 1, LTD. | § § § | |
| | § | Civil Action No.  3:16-cv-00956 |
| Plaintiff, | § § | |
| | § | **JURY TRIAL DEMANDED** |
| VS | § § | |
| SENECA INSURANCE COMPANY, INC.,     Defendant | § | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW MCKINNEY SQUARE PROPERTIES NO. 1, LTD ("Plaintiff") and files this Second Amended Complaint, as allowed by the Court's March 13, 2017 Order (Doc 24) complaining of SENECA INSURANCE COMPANY, INC. ("SENECA INSURANCE") and for cause of action would respectfully show unto the Court the following:

## I.
## PARTIES

1.    Plaintiff is a Texas Limited company.

2.    Defendant SENECA INSURANCE COMPANY, INC (referred to herein as "SENECA INSURANCE") is a foreign insurance company conducting business in Dallas County, Texas and has already appeared in this lawsuit..

**II.**

## CAPACITY OF PLAINTIFF

3.     The Plaintiff  is a direct beneficiary and/or third-party beneficiary and/or assignee to

the insurance policy made the basis of this suit and entitled to all rights and benefits

afforded by the law and the insurance policy in issue.

**III.**
## STATEMENT OF FACTS

4.     Upon information and belief, Plaintiff asserts the following Statement of Facts

which, in addition to other facts, supports Plaintiff's causes of actions set out herein

5.     Defendant SENECA issued an insurance policy naming Plaintiff as the insured and

insuring Plaintiff's commercial apartment complex located at 4501Westway Avenue,

Dallas, Texas  75205.   "The Property."

6.     A true and correct copy of the commercial insurance policy, policy No:   CMP

4800619 with a coverage period of August 23, 2014 to August 23, 2015is attached

hereto as **Exhibit 1** – **Seneca Policy 1 – 67**.  "the Policy"

7.     At all times material to the matters alleged herein, Plaintiff's premium payments

under the Policy were current.

8.     At all times material to the allegations contained herein, Plaintiff satisfied all

conditions precedent and/or all preconditions necessary to making a claim for

damage under the Policy.

9.      Pursuant to the terms of the policy, Plaintiff had insurance protection for any loss to the Property resulting from damage to the Property, including but not limited to damage to the roof from hail.

10.     The insurance policy was at all times material to this action in full force and effect and gave rise to Defendant SENECA'S duty of good faith and fair dealing to Plaintiff, as well as a duty to conduct its business of insurance in Texas with Plaintiff according to the Texas Insurance Code, including but not limited to conducting a reasonable investigation to determine the extent of actual damage incurred to the Property by the hail storm in question, and any additional storm within the policy's coverage period, and in responding to Plaintiff within the time limits imposed by the Texas Insurance Code.

11.     On or about June 9, 2015 a major hail storm hit Dallas Texas with weather reports with 1" hail within 3 miles of the Property.

12.     Plaintiff filed its claim on August 21, 2015 as soon as Plaintiff became aware of the damage caused by the hail, and became aware of a leak in an upper floor apartment of a tenant.

13.     Mr. Hart submitted Plaintiff's claim to SENECA, providing SENECA timely notice of the claim.

14.     Defendant's responded initially on September 2, 2015.  On that same day, Plaintiff received a response from the fee adjuster Mr. Nicholos Carlson with Vericlaim [sp].

15.     At all times material to the allegations contained herein, Defendant SENECA INSURANCE acted through all of its agents and employees, including but not

Plaintiff's Second-Amended Complaint                                              3

limited to Ms. Finkenor, Seneca Senior Property Claims Examiner, who handled Plaintiff's claim that is the subject of this litigation. Mr. Nicholos Carlson with Vericlaim [sp] and Haag Engineering engineers and all unidentified attendees at the first and only roof inspection at the Property.

16.     In written communication with SENECA, Plaintiff advised SENECA Mr. William Hart was Plaintiff's representative for purposes of investigating and pursuing its claim for damages to the Property under the Policy

17.     SENECA inspected the Property on September 18, 2015 eighteen days after the Loss notification. SENECA INSURANCE through its agents, engineers, contractors and roofing experts who inspected the roof, and others who had knowledge of the claim and the information Plaintiff timey submitted to SENECA, had actual knowledge of hail damage to the Property and water penetration into the ceiling of the property due to damage to the property during the policy period in question.

18.     Despite Plaintiff's written instruction to SENECA on multiple occasions that Mr. William Hart was Plaintiff's representative for purposes of investigating and pursuing Plaintiff's Property damage claim under the Policy, SENECA refused on multiple occasions to provide Mr. Hart key information during SENECA'S handling of Plaintiff's claim, including, but not limited to:

  a. SENECA'S refusal to identify two individuals who attended SENECA'S inspection of Plaintiff's roof damage despite William Hart's request for the identification of said persons;

b.  Despite multiple requests from Mr. Hart, SENECA'S refused, and continues to refuse to provide Mr. Hart as Plaintiff's representative, and or Plaintiff, a copy of the requested Haag Engineering insurance claim inspection report, conducted by Haag on behalf of SENECA, that SENECA advised Mr. Hart, was the basis for SENECA'S denial of Plaintiff's Property claim;

c.  SENECA'S refusal to provide Haag Engineering's report when it submitted its denial letter to Plaintiff, despite multiple requests to do so;

d.  SENECA'S failure to meet the requirements of the Texas Insurance Code in the handling of Plaintiff's claim and the timing of SENECA'S notice of SENECA'S denial of Plaintiff's claim; and

e.  SENECA'S misrepresentation of coverage under the policy, stating there was no damage within the policy period, in violation of the Texas Insurance Code; and

f.  SENECA'S bad faith handling of Plaintiff's claim for damages.

19.  SENECA had a further duty to disclose to the Plaintiff/ insured, all individuals attending the inspection of the Property as well as any prior relationship between SENECA and any entities / individuals retained by SENECA, including HAAG Engineering, to investigate Plaintiff's claims, and to advise the Plaintiff of the potential for a conflict of interest arising between SENECA and Plaintiff based upon SENECA'S expert's investigation.

20.     In addition, despite SENECA being advised by Plaintiff that the Property continued to incur damage due to the water intrusion into the property and the extensive cost of repair to the roof, SENECA in light of the visible hail damage to the roof which caused water intrusion in to the upper floor ceilings, denied the claim.

21.     Plaintiff received SENECA'S denial claim letter of November 4, 2015 which was sixty-seven (67) days after Plaintiff submitted its claim in violation of the 15-day deadline requirement under Section 542.056 Notice of Acceptance or Rejection of a Claim.  A true and correct copy of the denial letter signed by Kathleen Finkenor is attached as **Exhibit 2** and incorporated herein as if fully set forth.

22.     SENECA'S misrepresentations contained in **Exhibit 2,** include, but are not limited to the following:

    a.  Tile on the dwelling roofing system was not damaged form [sic] hail;

    b.  The broken tiles have accumulated over time;

    c.  The copper roofing sections have been dented by hail that occurred prior to the inception of Seneca's initial policy with insured.

    d.  The dents in the copper roofing are the result of multiple occurrences created by more than one storm;

    e.  The composition shingled roof of the unit above the garage has not been damaged by wind or hail;

    f.  The roll roofing on the carports had not been damaged by wind or hail;

    g.  The damaged claimed occurred prior to the inception of the insured's initial policy;

     h.   "The hail damaged did not occur during the above mentioned policy period;

23.    SENECA did not request any additional information from Plaintiff prior to denying Plaintiff's claim on November 4, 2015, so the 15-day deadline under Section 542.056 is not applicable.

24.    Subsequent to receiving **Exhibit 2**, Plaintiff's representative William Hart contacted Kathleen Finkenor in an effort to determine the basis for SENECA'S DENIAL and misrepresentations contained in **Exhibit 2**.

25.    Kathleen Finkenor, on behalf of SENECA advised Hart that the statements contained in **Exhibit 2** were based upon the Haag Report received by SENECA after the roofing inspection.

26.    William Hart, as Plaintiff's designated representative made multiple requests to Kathleen Finkenor to provide the Haag Report to Plaintiff.

27.    Finkenor refused to provide the Haag Report to Plaintiff's representative Bill Hart, thereby depriving Plaintiff of the ability to identify the facts Finkenor relied on in denying Plaintiff's claim, and to challenge the misrepresentations contained in Finkenor's November 4th denial letter.

28.    Upon information and belief, Plaintiff further alleges that Defendant SENECA knowingly failed to conduct a reasonable investigation before denying Plaintiff's Property damage claim and intentionally ignored the hail damage caused by the storm in question, despite Plaintiff's submission of photographs and other claim material that indicated Plaintiff's ability to segregate its damages.

Plaintiff's Second-Amended Complaint        7

29.    Defendant SENECA never advised Plaintiff, prior to denying Plaintiff's claim, of any need for additional information in order to adjust Plaintiff's claim for Property damage under the Policy.

30.    Defendant failed to fully honor Plaintiff's claim for insurance coverage.

31.    Defendant SENECA never accepted Plaintiff's claim for benefits by agreeing to pay full benefits and never agreed to nor did properly honor their full obligations and, as such, Defendant SENECA has effectively denied wrongfully denied Plaintiff's claim for damages, breached the Policy/Contract with Plaintiff, and caused Plaintiff damages beyond the contractual damages owed under the policy/contract.

32.    Defendant SENECA'S actions/inactions alleged herein proximately caused Plaintiff's damages in an amount in excess of the minimum jurisdictional limits of the Court as set forth herein.

## IV.
## AGENCY

33.    Plaintiff incorporates by reference and re-alleges all preceding sections of this Complaint and would further show the Court that at all times herein, Defendant acted by and through its agents, servants and representatives, each acting within the course and scope of his employment.

**V.**
**CAUSE OF ACTIONS AGAINST DEFENDANT**
**SENECA INSURANCE COMPANY, INC**

**Count A - Breach of Contract/Breach of Warranty**

34.    Plaintiff incorporates by reference and re-alleges all preceding sections of this Complaint and would further show:

35.    Plaintiff and Defendant SENECA are parties to the Contract/Policy attached at **Exhibit 1**.

36.    At all times material to the allegations contained herein, Plaintiff met all conditions precedent, and all necessary conditions to obligate SENECA to pay for the claim made the basis of this lawsuit;

37.    Pursuant to the terms of the policy, SENECA was to provide a reasonable and timely investigation and notice of the resolution to Plaintiff under both the Policy and the Texas Insurance Code.

38.    As alleged herein, SENECA failed to do either;

39.    As a result, of SENECA'S failure to pay Plaintiff for a claim that was covered under the Policy/Contract, SENECA breached the Policy/Contract and caused Plaintiff not only damages owed under the contract, but damages outside of the contract in Plaintiff's sale of the property for a discount of $500,000.

40.    Defendant SENECA has also breached its expressed and common law implied warranties to comply with the terms of the policy.  The breach of such warranties and terms of the Policy/Contract has proximately resulted in damages to Plaintiff in excess of the minimum jurisdictional limits of this Court, in excess of damages

available under the policy and, as alleged herein, damages outside of the policy in the form of a major discount upon the sale of the property due to SENECA'S failure to pay the estimated cost of repairs in excess of $200,000.

### Count B –Negligent Misrepresentation

41.   Plaintiff incorporates by reference and re-alleges all preceding sections of this Complaint and would further show the Court the following:

42.   Plaintiff received SENECA'S denial claim letter of November 4, 2015 which was sixty-seven (67) days after Plaintiff submitted its claim in violation of the 15-day deadline requirement under Section 542.056 Notice of Acceptance or Rejection of a Claim.  A true and correct copy of the denial letter signed by Kathleen Finkenor is attached as **Exhibit 2** and incorporated herein as if fully set forth.

43.   In **Exhibit 2,** SENECA, through its employee/agent Kathleen Finkenor, made the following representations in the course of SENECA'S business, as well as in a transaction in which SENECA had an interest:

   a.   Tile on the dwelling roofing system was not damaged form [sic] hail;

   b.   The broken tiles have accumulated over time;

   c.   The copper roofing sections have been dented by hail that occurred prior to the inception of Seneca's initial policy with insured.

   d.   The dents in the copper roofing are the result of multiple occurrences created by more than one storm;

e.  The composition shingled roof of the unit above the garage has not been damaged by wind or hail;

f.  The roll roofing on the carports had not been damaged by wind or hail;

g.  The damaged claimed occurred prior to the inception of the insured's initial policy; and

h.  "The hail damaged did not occur during the above mentioned policy period;

44.  The above statements a-h are not true and SENECA knew they were not true when made, as Plaintiff documented significant evidence of hail damage caused by the large hail formed during the storm most recent to Plaintiff's claim for damages, and provided that information to SENECA.

45.  SENECA had a pecuniary interest in denying Plaintiff's claim utilizing the above untrue statements, as SENECA benefited from misrepresenting the existing of hail damage and not paying for the replacement of Plaintiff's roof based upon information SENECA will not provide to Plaintiff, thereby preventing Plaintiff from properly and fully challenging the basis of SENECA'S denial.

46.  SENECA did not exercise reasonable care of competence in obtaining the information SENECA used in making the above misrepresentations regarding the facts of the inspection.

47.  Plaintiff incurred damages proximately caused by its forced reliance on the negligent misrepresentation acts or failures to act of Defendant SENECA noted herein.

Plaintiff's Second-Amended Complaint

48.    Said negligent misrepresentation proximately caused the occurrence made the basis of this action and Plaintiff's damages in excess of the minimum jurisdictional limits of the Court.

### Count C - Duty of Good Faith & Fair Dealing

49.    Plaintiff incorporates by reference and re-alleges all preceding sections of this Complaint and would further show the Court that Defendant SENECA owed a duty to the Plaintiff to process its claim in good faith.  Such duty exists under the Policy and also exists under common law.  Defendant SENECA failed to comply with their duty of good faith and fair dealing when, without reasonable basis they failed to fully honor Plaintiff's claim and/or delayed payment without determining whether there was any reasonable basis to do so and when they knew or should have known, based on their duty to thoroughly investigate claims, that there was no reasonable basis for the failure to fully honor the claim and/or delay.  Defendant SENECA breach of said duty of good faith to Plaintiff was the producing and proximate cause and result of actual damages to the Plaintiff under the Policy/Contract and damages to the Plaintiff outside of the contract.

### Count D - Deceptive Trade Practices Act/
### Texas Insurance Code Violations

50.    Plaintiff incorporates by reference and re-alleges all preceding sections of this Complaint and would further show the Court that the representations, acts, conduct, and omissions of Defendant SENECA and/or its agents as described above, and relied upon by Plaintiff to its detriment, constitute unfair methods of competition and

Plaintiff's Second-Amended Complaint                                                                    12

unfair and deceptive acts or practices under the Texas Deceptive Trade Practices Act and the Texas Insurance Code including, but not limited to, the following:

51.  Misrepresentations:

   a.  Representing the policy and services had characteristics and/or benefits that they did not have [Texas Insurance Code §541.151 (formerly known as Art. 21.21 Sec. 16(a)); DTPA Sec. 17.46(b)(5)];

   b.  Representing that the agreement between the Plaintiff and Defendant conferred or involved rights, remedies or obligations it did not [Texas Insurance Code §541.151 (formerly known as Art. 21.21 Sec. 16(a)); DTPA Sec. 17.46(b)(12)];

   c.  Unconscionable conduct, actions, and course of actions [DTPA Sec. 17.50(a)(1) (B)(3)]

   d.  Violations of Texas Insurance Code §§ 541 et seq (formerly known as Art. 21.21 Insurance Code):

52.  Misrepresentations and False Advertising of Policy Contracts.

   a.  Making, issuing, circulating, or causing to be made, issued, or circulated, any estimate, illustration, circular or statement misrepresenting the terms of any policy issued or to be issued or the benefits or advantages thereby and making any misleading representations [Texas Insurance Code §541.051 (formerly known as Art. 21.21 Sec. 4(1)].

   b.  Making false statement containing any assertion, representation or statement with respect to the business of insurance or with respect to any person in the

conduct of his insurance business, which is untrue, deceptive or misleading [Texas Insurance Code §541.052 (formerly known as Art. 21.21 Sec. 4 (2)].

53.   Unfair Settlement Practices.

   a.   Engaging in the following unfair settlement practices with respect to a claim by an insured [Texas Insurance Code §541.060 (formerly known as Art. 21.21 Sec. 4 (10)];

   b.   Misrepresenting to a claimant a material fact or policy provision relating to coverage at issue [Texas Insurance Code §541.060(a)(1) (formerly known as Art. 21.21 Sec. 4 (10)];

   c.   Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear [Texas Insurance Code §541.060(a)(2) (formerly known as Art. 21.21 Sec. 4 (10)];

   d.   Failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement under one portion of a policy of a claim with respect to which the insurer's liability has become reasonably clear in order to influence the claimant to settle an additional claim under another portion of the coverage. [Texas Insurance Code §541.060(a)(2)(B) (formerly known as Art. 21.21 Sec. 4 (10)];

   e.   Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim

[Texas Insurance Code §541.060(a)(3) (formerly known as Art. 21.21 Sec. 4 (10)];

    f.   Failing within a reasonable time to affirm or deny coverage of a claim to a policyholder [Texas Insurance Code §541.060(a)(4)(A) (formerly known as Art. 21.21 Sec. 4 (10)];

    g.   Refusing to pay a claim without conducting a reasonable investigation with respect to the claim [Texas Insurance Code §541.060(a)(7) (formerly known as Art. 21.21 Sec. 4 (10)].

54.    Misrepresenting an insurance policy by:

    a.   Making an untrue statement of material fact [Texas Insurance Code §541.061(1) (formerly known as Art. 21.21 Sec. 4 (11)];

    b.   Failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made [Texas Insurance Code §541.061(2) (formerly known as Art. 21.21 Sec. 4 (11)];

    c.   Making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of a material fact [Texas Insurance Code §541.061(3)]

    d.   Making a material misstatement of law [Texas Insurance Code §541.061(4) (formerly known as Art. 21.21 Sec. 4 (11)]; and

    e.   Failing to disclose a matter required by law to be disclosed [Texas Insurance Code §541.061(5).]

    f.   Violations of Texas Insurance Code §§ 542 et seq (formerly known as Art. 21.55, Insurance Code).

    g.   Failing to timely handle the claim.

55.    The above-described representations, acts, conduct, and omissions of Defendant SENECA constitute unfair methods of competition and unfair and deceptive acts or practices in violation of the Texas Insurance Code and the Texas Deceptive Trade Practices Act and were a direct, proximate, and producing cause and responsibility of Plaintiff's actual damages in an amount in excess of the minimum jurisdictional limits of the Court.  Said conduct was done intentionally and knowingly.

### Count E - Ambiguity/Estoppel

56.    Plaintiff incorporates by reference and re-alleges all preceding sections of this Petition and would further show the Court that the insurance policy in issue is ambiguous and the restrictions are unconscionable and the same must be read in Plaintiff's favor as the same was drafted by the Defendant SENECA and insurance policies/contracts are to be read in favor of finding coverage rather than denying it.

### Count F - Knowingly/Intentionally

57.    Plaintiff incorporates by reference and re-alleges all preceding sections of this Petition and would further show that Defendant SENECA'S conduct set forth herein, constitutes misrepresentations, unconscionable actions, and violations of the Deceptive Trade Practices Act and the Texas Insurance Code, all of which were done knowingly, intentionally and with malice.  Defendant SENECA'S breach of the duty

of good faith was also done intentionally, knowingly, and with malice in total disregard for the rights of the Plaintiff.

58.    Furthermore, SENECA has taken advantage of the lack of expertise of the Plaintiff to a grossly unfair degree.  As a result of SENECA'S wrongful conduct, Plaintiff is entitled to all damages including mental anguish, statutory, treble, punitive, and exemplary damages as provided by the Deceptive Trade Practices Act, the Insurance Code and the common law.

**Count G - Fraud**

59.    Plaintiff incorporates by reference and re-alleges all preceding sections of this Petition and would further show that Defendant SENECA made misrepresentations of material facts and engaged in fraudulent conduct regarding policy coverage and adjustment of the claim with positive statements and with concealment and failure to disclose facts when they had a duty to disclose such. These misrepresentations and fraudulent conduct included, but are not limited to, the representation that no damage occurred within the policy period, the duties of the Plaintiff, and basis for the denial of coverage under the policy.

60.    Plaintiff relied upon the misrepresentations of Defendant SENECA to its detriment in entering a policy that represented it would provide coverage of claims of the nature that are the subject of this lawsuit.  Defendant SENECA knew the representations were false or such representations were made recklessly without any knowledge as to the truth and the representations were made knowing Plaintiff

would rely upon them.  As a result of the misrepresentations and fraudulent conduct of Defendant SENECA, Plaintiff suffered damages in excess of the minimum jurisdictional limits of this Court.  Defendant SENECA'S conduct constitutes fraud under common and statutory law, including V.T.C.A. Bus. & Comm. Code §27.01.

## VI.
## DISCOVERY RULE

61.    Plaintiff incorporates by reference and re-alleges all preceding sections of this complaint and would further show that Plaintiff did not discover, and should not, in the exercise of reasonable diligence, have discovered, the occurrence of the negligent, false, fraudulent, misleading or deceptive acts or practices, breach of warranty,  or unconscionable actions and courses of action alleged in this Complaint prior to the applicable statutory time frame for bringing suit and such suit was therefore timely filed.

## VII.
## ATTORNEY'S FEES

62.    Plaintiff incorporates by reference and re-alleges all preceding sections of this Complaint and would further show that Defendant SENECA has refused and still refuses to pay Plaintiff for its damages, under the policy/contract and Plaintiff has been compelled to engage the services of the undersigned for the prosecution and collection of the claim.  In accordance with V.T.C.A., Civil Practice & Remedies Code Section 38.001, the Deceptive Trade Practices Act §§ 17.506 and 17.50(c), Texas Insurance Code, and/or V.T.C.A., Property Code Section 27.004(f) (Section 541.152) , Plaintiff is entitled to reimbursement from Defendant SENECA attorney's

fees incurred during trial and trial preparation, plus the sum of $70,000.00 in the event of an unsuccessful appeal to the Court of Appeals is made; the sum of $28,000.00 in the event an unsuccessful Petition for Review is filed but not granted by the Supreme Court of Texas; and the sum of $28,000.00 in the event the Petition for Review is granted by the Supreme Court but is unsuccessful.

## VIII
## DAMAGES

63.   Plaintiff incorporates by reference and re-allege all preceding sections of this Petition and would further show that Plaintiff seeks any and all damages whatsoever and including,  but not limited to actual, punitive, exemplary, and statutory damages, available and recoverable under statute and common law resulting from the actions of Defendant supporting Plaintiff's damages.

64.   Plaintiff's damages caused by Defendant go beyond the contractual damages of the benefits of the policy and include, but are not limited to the reduction in the sale value of the property.

65.   Plaintiff is at least entitled to the following specific damages:

    a.   Reasonable cost of repairs – investigation is continuing

    b.   Reduction in sale value of $500,000  due to failure to pay for repair of roof

    c.   Reasonable attorneys' fees;

    d.   Litigation expenses including expert fees, copy costs, etc.

    e.   Punitive, additional, statutory and exemplary damages of the maximum amount allowed by law.

## XI.
## PREJUDGMENT/POST-JUDGMENT INTEREST

66.     Plaintiff incorporates by reference and re-alleges all preceding sections of this Complaint and would further show that many of its damages may be determined by known standards of value and accepted rules of interest as damages during the period beginning on the 180th day after the date Defendant received notice of the claim or on the day suit was filed, whichever occurred first, and ending on the day preceding the date judgment is rendered, or as the Court otherwise directs, calculated at the legal rate, or as otherwise set by the Texas Finance Code, any statute, or the common law.

## XII.
## NOTICE/CONDITIONS PRECEDENT

67.     All conditions precedent necessary to maintain this action have been performed or have occurred.  Alternatively, Defendant has wholly waived and is estopped to assert all rights to any conditions precedent.

## XIII.
## ALTERNATIVE PLEADING

68.     All pleadings herein, if inconsistent, are made pursuant to Rule 8(a)(3) of the Federal Rules of Civil Procedure.

## XIV.
## JURY DEMAND

69.     Plaintiff previously demanded a jury in its state petition that was removed to this Honorable COURT and incorporates said demand into this amended complaint.

## XV
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant SENECA INSURANCE be duly cited to appear and answer herein, and that upon final trial before a jury hereof, Plaintiff recover judgment against the Defendant SENECA INSURANCE the following:

a.  breach of Policy/Contract damages;

b.  Extra contractual damages;

c.  Actual damages;

d.  Judgment for exemplary, punitive, statutory, and treble damages;

e.  Attorney's fees and expenses;

f.  Pre-judgment interest;

g.  Post-judgment interest;

h.  Costs of Court;

i.  Litigation expenses, including expert fees, costs for copies of depositions, copy costs, costs of court, etc.

j.  Such other and further relief to which they may be entitled at law or in equity.


Respectfully submitted,

**/S/ JANET R. RANDLE**

EVAN LANE (VAN) SHAW
Bar Card No. 18140500
van@shawlaw.net
JANET R. RANDLE
Bar Card No.  00792216
janet@shawlaw.net
LAW OFFICES OF VAN SHAW
2723 Fairmount
Dallas, Texas 75201
(214) 754-7110

Plaintiff's Second-Amended Complaint

FAX NO. (214) 754-7115

ATTORNEYS FOR PLAINTIFF

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a copy of the foregoing instrument was served via the ECF system upon the attorneys of record of all parties to the above cause in accordance with the Federal Rules of Civil Procedure, on this 27th **day of March, 2017:**

**COUNSEL FOR SENECA INSURANCE**

| | |
|---|---|
| **Mr. James Isbell** | **February 22, 2017** |
| **ATTORNEY AT LAW** | **FAX (713*403-8299)** |
| **One Riverway, Suite 1400** | **= PH 713*403-8387 =** |
| **Houston, Texas** | **jisbell@thompsoncoe.com** |

| | |
|---|---|
| **Mr. Christopher H. Avery** | |
| **ATTORNEY AT LAW** | **FAX (713*403-8299)** |
| **One Riverway, Suite 1400** | **= PH 712*403-8210 =** |
| **Houston, TX  77056** | **cavery@thompsoncoe.com** |

**/s/ JANET R. RANDLE**

_____

JANET R. RANDLE