IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MCKINNEY SQUARE PROPERTIES NO. 1 LTD, | § § § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 3:16-CV-0956-M |
| | § | |
| SENECA INSURANCE COMPANY, INC., | § § § | |
| Defendant. | § § | |

## ORDER

Before the Court is Defendant's 12(b)(6) Motion to Dismiss Plaintiff's Negligent Misrepresentation Claim [ECF No. 26]. For the following reasons, the Motion is **GRANTED**.

**I.     Factual and Procedural Background**

This is an insurance dispute arising from Defendant Seneca Insurance Company, Inc.'s handling of Plaintiff's claim for property damage. In its Second Amended Complaint ("SAC"), Plaintiff alleges that Defendant insured a commercial apartment complex owned by Plaintiff in Dallas, Texas (the "Property") from August 23, 2014, to August 23, 2015. (SAC ¶¶ 5–6). Plaintiff claims that a hail storm on or about June 9, 2015, damaged the Property. (*Id.* ¶¶ 11–12). Plaintiff contends that it filed an insurance claim under the policy issued by Defendant as soon as Plaintiff became aware of damage to the roof caused by a leak in the ceiling of an upper floor apartment at the Property. (*Id.* ¶¶ 12–13). Defendant denied Plaintiff's claim. (*Id.* at ¶¶ 20–21).

Plaintiff alleges that Defendant failed to conduct a reasonable investigation to determine the extent of the damage to the Property. (*Id.* ¶ 10). Plaintiff also asserts that Defendant failed to provide Plaintiff with key information regarding Plaintiff's claim, including the names of individuals who inspected the Property and investigated Plaintiff's claim, and a copy of the

engineering report that provided a basis for Defendant's denial of the claim. (*Id.* ¶¶ 18–19, 25–27). Further, Plaintiff claims that Defendant did not send timely notice of the denial of Plaintiff's claim, and that the notice of denial eventually sent contained numerous misrepresentations. (*Id.* ¶¶ 21–22).

Plaintiff's Original Petition in the 116th District Court of Dallas County, Texas asserted only a negligence claim. Defendant timely removed the case to federal court on the basis of diversity jurisdiction. (*See* Rem. Not., ECF No. 1 ¶ 3). Defendant filed a Motion to Dismiss Plaintiff's Original Petition. (*See* Mot. Dismiss Pl.'s Original Pet., ECF No. 4). Plaintiff then filed its First Amended Complaint ("FAC"), asserting claims for breach of contract, breach of warranty, breach of the covenant of good faith and fair dealing, negligence, negligent misrepresentation, fraud, and violations of the DTPA and the Texas Insurance Code. (*See* FAC, ECF No. 8 ¶¶ 31–45, 50). Defendant moved to dismiss the negligence and negligent misrepresentation claims in Plaintiff's FAC. (*See* Mot. Dismiss FAC, ECF No. 10). The Court granted the dismissal only with respect to Plaintiff's negligent misrepresentation claim, but gave Plaintiff leave to file an amended complaint to add facts to show time, place, contents, and identity as required by Rule 9(b), and Plaintiff filed the SAC. (*See id.*).

Defendant again moves to dismiss the negligent misrepresentation claim, this time as alleged in Plaintiff's SAC. (*See* Mot. Dismiss SAC).

## II. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must have pled "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). In analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court accepts all well-pleaded facts as true and views them in the light most favorable to the plaintiff. *Thompson*

2

v. *City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). The Court will not, however, "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010).

Claims sounding in fraud must satisfy the heightened pleading standard set out in Federal Rule of Civil Procedure 9(b), which requires a party "alleging fraud or mistake . . . [to] state with particularity the circumstances constituting fraud or mistake." *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009) (internal citation omitted). The Fifth Circuit has applied the heightened pleading requirement of Rule 9(b) to both fraud and negligent misrepresentation claims, when the claims are based on the same alleged facts.[1] *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003). The Fifth Circuit has interpreted Rule 9(b) to require, at a minimum, that a plaintiff set forth the "who, what, when, where, and how" of the alleged fraud. *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997) (internal citation and quotation omitted). However, the Fifth Circuit has also stated that the "time, place, contents, and identity standard is not a straitjacket for Rule 9(b)," concluding that Rule 9(b) is context-specific and flexible. *Grubbs*, 565 F.3d at 185.

### III. Analysis

To establish a cause of action for negligent misrepresentation under Texas law, a plaintiff must plead:

> (1) the defendant made a representation in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplied false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the

---

[1] Plaintiff concedes that Rule 9(b) applies to its negligent misrepresentation claim. (Resp., ECF No. 29 ¶ 12).

3

information; and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation.

*Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 604 (N.D. Tex. 2014) (internal citation omitted).

In the SAC, Plaintiff asserts that Defendant's denial letter, which Plaintiff received on November 4, 2015, included the following misrepresentations:

    a.    Tile on the dwelling roofing system was not damaged form [sic] hail;
    b.    The broken tiles have accumulated over time;
    c.    The copper roofing sections have been dented by hail that occurred prior to the inception of [Defendant's] initial policy with insured.
    d.    The dents in the copper roofing are the result of multiple occurrences created by more than one storm;
    e.    The composition shingled roof of the unit above the garage has not been damaged by wind or hail;
    f.    The roll roofing on the carports had not been damaged by wind or hail;
    g.    The damaged [sic] claimed occurred prior to the inception of the insured's initial policy; and
        a.    [ ]The hail damaged [sic] did not occur during the above mentioned policy period.[ ]

(SAC ¶ 43). Plaintiff claims that Defendant had a pecuniary interest in denying Plaintiff's claim; that Defendant knew the statements in the denial letter were not true when made; and that Defendant did not exercise reasonable care in obtaining the information used to make the misrepresentations. (*Id.* ¶¶ 44–46). Plaintiff also alleges that it incurred damages proximately caused by its reliance on the alleged misrepresentations. (*Id.* ¶ 47). Specifically, Plaintiff lists the following damages:

    b.    Reasonable cost of repairs—investigation is continuing
    c.    Reduction in sale value of $500,000 due to failure to pay for repair of roof
    d.    Reasonable attorneys' fees
    e.    Litigation expenses including expert fees, copy costs, etc.
    f.    Punitive, additional statutory and exemplary damages of the maximum amount allowed by law.

(*Id.* ¶ 65).

Defendant argues that Plaintiff fails to sufficiently plead that Plaintiff suffered damages from justifiably relying on Defendant's alleged misrepresentations. (Br. Supp. Mot. Dismiss SAC, ECF No. 27 ¶ 7). Specifically, Defendant claims that any misrepresentations made after Plaintiff's damages were incurred "cannot support the justifiable reliance element of a negligent misrepresentation claim." (*Id.*). According to Defendant, because Plaintiff claims the alleged damages to the Property occurred during a hail storm on or about June 9, 2015, those damages could not have resulted from Plaintiff's reliance on alleged misrepresentations in the denial letter, which Plaintiff received on November 4, 2015. (*Id.* ¶¶ 6–7).

Plaintiff counters that the alleged $500,000 reduction in the sale value of the Property are damages that were proximately caused by Plaintiff's reliance on Defendant's misrepresentations in the denial letter. (Resp. ¶ 2). Plaintiff claims that it sold the Property "for a discount of $500,000." (SAC ¶ 39). Plaintiff asserts that it "was forced to rely upon [Defendant's] misrepresentations when Plaintiff sold the damaged [P]roperty, given [Defendant's] misrepresentations and refusal to disclose the basis for the misrepresentations." (Resp. ¶ 4).

Plaintiff's conclusory allegation that it relied on Defendant's misrepresentations in reducing the sale price of the Property does not satisfy the heightened pleading standard required by Rule 9(b). Defendant's statements in the denial letter state that the damage to the Property was not caused by the June 9, 2015 hail storm. (*See* SAC ¶ 43). Plaintiff obviously disagrees. But Plaintiff does not explain how reliance on Defendant's statements caused Plaintiff to reduce the sale price of the Property. For these reasons, the Court finds that Plaintiff's negligent misrepresentation claim does not meet Rule 9(b)'s heightened standard.

Plaintiff requests leave to again amend its negligent misrepresentation claim and asserts that "Plaintiff can allege additional facts regarding the post-misrepresentation $500,000.00 loss on

the sale of the Property, if needed to cure any such deficiency." (Resp. ¶¶ 20–25).  However, the Court finds that Plaintiff has stated its best case and cannot improve the allegations as pleaded. Any further attempts to amend would be futile and would unnecessarily delay the resolution of this action.  Accordingly, Plaintiff's request for leave to amend is denied.

**IV.   Conclusion**

For the reasons stated, Defendant's 12(b)(6) Motion to Dismiss Plaintiff's Negligent Misrepresentation Claim [ECF No. 26] is **GRANTED**.  Plaintiff's claim for negligent misrepresentation is **DISMISSED WITH PREJUDICE**.


**SO ORDERED.**

February 22, 2018.

_____
BARBARA M. G. LYNN
CHIEF JUDGE